IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ADT SECURITY SERVICES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| V. | ) | 5:01-CV-0246-1 |
| | ) | |
| DAVID A. TAYLOR | ) | |
| | ) | |
| Defendant. | ) | |

Filed at 5:12 PM
July 26, 2001
Wanda JC _____
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

## ORDER GRANTING PRELIMINARY INJUNCTION

Plaintiff ADT Security Services, Inc. ("ADT") having moved for a Preliminary Injunction pursuant to Federal Rules of Civil Procedure 65 and having served said Defendant with the Complaint in this action and having notified Defendant of the hearing on Plaintiff's Motion, the Court held a hearing on Plaintiff's Motion on July 26, 2001. After having heard arguments from the Plaintiff and Defendant, having received evidence under oath and upon full consideration of the record and all submissions and arguments of the Plaintiff and Defendant, the Court has determined that: (1) ADT is likely to succeed on the merits of its case, (2) immediate and irreparable injury will result if Defendant is not enjoined, (3) the threatened injury to ADT outweighs the damage the Preliminary Injunction may cause to Defendant, and (4) if issued, the Preliminary Injunction will not be adverse to the public interest.

11

IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction is granted and Defendant David A. Taylor is hereby enjoined until further Order of the Court as follows:

Said Defendant is ORDERED to:

1.

Cease and desist from any and all contact with existing ADT customers.

2.

Cease and desist from contacting and/or tortiously interfering with the customers of ADT. by inducing or attempting to induce any customers of ADT Security Services, Inc., to breach their contracts or other business relationship.

3.

Cease using or disseminating Plaintiff's name or any ADT marks, copyrights, trademarks, service marks and/or trade names.

4.

Refrain from utilizing any database information regarding ADT's customers (including, without limitation, customers' names, rates charged, end user addresses, names, telephone numbers, security codes, contact persons, relatives, and all other information normally given when a home security device is installed) or any other confidential and proprietary information.

5.

Cease representing , suggesting or inferring that he or any of the goods or services he sells or maintains have any affiliation with ADT, its officers or dealers.

6.

Cease converting, tampering with or in any way altering equipment or property owned by ADT.

7.

Disconnect any and all "ADT Promotions" telephone numbers including but not limited to telephone number 1-866-300-7488.

8.

Cease engaging in deceptive trade practices to defraud ADT and/or its Customers.

This Order granting Preliminary Injunction shall be binding upon the named Defendant, his agents, servants, employees, and attorneys and upon those persons in active concert or participation with him through the notice of this Order by personal service or otherwise.

In entering this Order, the Court has considered whether Plaintiff should be required to post a bond or other security for the payment for such costs or damages which may be incurred or suffered by the Defendant if it is found that they have been restrained and enjoined wrongfully, but the Court has determined that the Defendant is not likely to incur any costs or damages as

a result of this Order granting the Preliminary Injunction, and therefore Plaintiff shall not be required to post such security.

SO ORDERED this **26** day of **July**, 200**1**.**5:10** o'clock **P.M.**

Honorable Duross Fitzpatrick
Judge, United States District Court

Presented by Robert C. Lamar
Lamar, Archer & Cofrin, LLP
The Hurt Building
50 Hurt Plaza
Suite 900
Atlanta, Georgia 30303
Georgia State Bar No. 431175

ENTERED ON DOCKET
7-26, 2001
Gregory J. Leonard, Clerk
Deputy Clerk